**Senad LIZDO, Appellant,**

v.

**GENTEC EQUIPMENT; James L. Kerr, Administrative Law Judge; Robert L. Whittaker, Director of Special Fund; and Workers' Compensation Board Appellees**

No. 2001–SC–0139–WC.

Supreme Court of Kentucky.

May 16, 2002.

**704**

Edward A. Mayer, Louisville, Counsel for Appellant.

Joel D. Zakem, Labor Cabinet—Special Fund, Frankfort, Counsel for Special Fund.

Peter J. Glauber, Louisville, Counsel for Gentec Equipment.

## OPINION OF THE COURT

### REVERSING AND REMANDING

The Court of Appeals has reversed the Workers' Compensation Board (Board) and reinstated an Administrative Law Judge's (ALJ's) decision to the effect that because the employer complied with KRS 342.040(1), the failure of the Commissioner of the Department of Workers' Claims (Commissioner) to notify the claimant of his right to prosecute did not toll the period of limitations. We have concluded, however, that a finding that the employer complied with KRS 342.040(1) was unreasonable under the evidence. Therefore, we reverse.

The claimant alleged that on July 25, 1996, he burned his left upper arm while welding a sink, after which he was hospitalized for a period of time. He received temporary, total disability (TTD) benefits through August 18, 1996, and later returned to work. On September 3, 1996, a forklift blade fell on his right foot, crushing it. His employer paid TTD benefits for that injury through October 15, 1996, and the claimant again returned to work. Shortly thereafter he resigned and accepted employment at a higher wage with another company. On January 27, 1999, he filed a workers' compensation claim against the employer and the Special Fund, maintaining that the burn injury continued to cause disabling pain. The Form 101 claim indicates that it was signed by the claimant on October 6, 1998.

Noting that the claim was filed more than two years after the last TTD payment, the defendants asserted a limitations defense and maintained that it would apply to either injury. The record contains a copy of a handwritten Form SF–3A for each termination of TTD. Although each copy is stamped as having been electronically filed, the stamp refers to a corporation, not the Department of Workers' Claims (Department). The record contains no certification by the Department that the form was actually filed and no proof that the Commissioner notified the claimant of his right to prosecute a claim or of the applicable period of limitations. The claimant testified that he did not re-

ceive such a letter. Relying upon *Ingersoll–Rand v. Whittaker*, Ky.App., 883 S.W.2d 514 (1994), he asserted that the period of limitations was tolled and, therefore, that his claim was timely. However, the ALJ distinguished *Ingersoll–Rand*, pointing out that, there, the Commissioner's office had no record of receiving a Form SF–3A from the employer. Whereas, here, there was evidence that the carrier had filed an SF–3A after each termination of TTD benefits. Determining that the employer had complied with its obligation under KRS 342.040, the ALJ concluded that the claim must be dismissed because it was not filed within the applicable period of limitations.

A majority of the Board rejected the employer's assertion that the claimant's remedy was before the Board of Claims or in a malpractice action. It determined that the Commissioner's failure to notify the claimant of the applicable period of limitations tolled the period for filing the claim. Its rationale was that KRS 342.040(1) imposes a mandatory obligation on the Commissioner. Noting that a high percentage of injured workers have a limited education and noting the claimant's testimony that he did not know the English language when he immigrated to the United States in 1994, the majority opinion pointed out that the purpose of the provision is to protect injured workers and to ensure that they are informed of their legal rights. In view of the lack of any evidence that the Commissioner sent the required letter and the claimant's testimony that he did not receive such a letter, the majority concluded that public policy required that the period of limitations be tolled. A dissenting opinion expressed the view that other remedies were available to the claimant and that an employer who complied with its statutory obligation should not be penalized for the Commissioner's failure.

Appealing, the claimant indicates that sometime after the Court of Appeals' majority rendered its decision reversing the Board, the parties discovered that the decisions below were based upon an erroneous understanding of the facts. The employer and the Special Fund agree. The parties indicate that since January 1, 1996, workers' compensation carriers have been required to inform the Commissioner that the employer has terminated TTD benefits in electronic format on a Form IA–2 rather than by filing a paper copy of a Form SF–3A as had previously been done. 803 KAR 25:170, § 2(1). The employer indicates that its insurance carrier, like many others, relies upon an outside agent to do this. Although the handwritten Form SF–3A that was made part of the record indicated that it had been filed electronically, the employer concedes that it has since learned that the agent did not in fact file the required form with the Department. Thus, the employer also concedes that it did not comply with its obligation to notify the Commissioner that TTD benefits were terminated. It waives any time limitation on the claimant's right to reopen the claim and joins the Special Fund and the claimant in requesting that the matter be remanded to an ALJ for further proceedings that are based upon the actual facts.

■■■ Having asserted that this claim was barred by the statute of limitations, the burden was on the employer to prove the elements of the defense. Although KRS 342.285 provides that an ALJ is the designated finder of fact, a finding that is unreasonable under the evidence is subject to reversal on appeal. *Special Fund v. Francis*, Ky., 708 S.W.2d 641, 643 (1986). KRS 342.040(1) and 803 KAR 25:170 § 2(1) required the employer to notify the Department of its termination of TTD benefits so that the Commissioner could notify

the claimant of his right to prosecute and of the applicable period of limitations. It is undisputed that the electronic filing requirement became effective on January 1, 1996, several months before the claimant was injured. Yet, the only evidence of record that supported the finding that the employer complied with its obligation to electronically file a Form IA–2 was a copy of a handwritten form SF–3A that bore a notation by an entity other than the Department indicating that the information had been electronically filed. There was no certification by the Department that a Form IA–2 was electronically filed or that a paper Form SF–3A was filed. Under those circumstances, when presented with no evidence that the Commissioner of the Department sent the required notice to the claimant and with the claimant's testimony that he did not receive such notice, it was unreasonable for the ALJ to rely upon the SF–3A that is contained in this record as the sole basis for concluding that the employer complied with its statutory and regulatory requirements. Having concluded that the employer failed to establish that it was entitled to a limitations defense, it is unnecessary for us to address whether the Commissioner's failure to comply with KRS 342.040(1), by itself, would have tolled the applicable period of limitations.

The decision of the Court of Appeals is hereby reversed, and this matter is hereby remanded to the ALJ for a consideration of the merits of the claim.

All concur.