RENDERED: JUNE 13, 2019
TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

2018-SC-000638-WC

DATE 7/5/19 Kim Redmon, DC

LETCHER COUNTY BOARD OF                                   APPELLANT
EDUCATION


ON APPEAL FROM COURT OF APPEALS
V.                    CASE NO. 2018-CA-000788
WORKERS COMPENSATION BOARD NO. 15-WC-01407


ROGER HALL; HONORABLE CHRISTINA                          APPELLEES
HAJJAR, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD


**OPINION OF THE COURT BY JUSTICE KELLER**

**AFFIRMING**

Roger Hall (Hall) developed mesothelioma after being exposed to asbestos over the course of his employment as a teacher at Letcher County High School in Letcher County, Kentucky. He initiated a claim for benefits pursuant to Kentucky Revised Statutes (KRS) Chapter 342, the Workers' Compensation chapter. After reviewing the relevant evidence, an Administrative Law Judge (ALJ) denied Hall's claim. He appealed to the Workers' Compensation Board (Board), which unanimously reversed the ALJ's determination. The Letcher County Board of Education (Letcher County) appealed to the Court of Appeals,

which unanimously affirmed the Board's decision. He now appeals to this Court.

## I. BACKGROUND

Hall was employed as a teacher at Letcher County High School beginning in 1976 until he retired in 2003. Over the course of his career, he physically worked in two different school buildings—the old high school, and the new high school. The boiler room located in the old high school building was used as a breakroom for teachers. It contained furniture and vending machines.

Hall was subsequently transferred to the new Letcher County High School, which was completed in 1992 and was located across the street from the old school, which then became the elementary school. However, he and other teachers continued to use the boiler room at the old high school as a breakroom/lunchroom. Hall remained employed at the new high school until his retirement in 2003. He occasionally worked as a substitute teacher until 2014.

Hall filed his Form 102-OD on September 4, 2015, alleging that he developed mesothelioma in his abdominal area after being exposed to asbestos over the course of his employment. Hall had been treated by multiple physicians across the county as a result of this exposure. He underwent two hernia surgeries, one cyto-reductive surgery and chemotherapy.

The ALJ concluded that Hall's mesothelioma was caused by his exposure to asbestos during his course of employment. However, the ALJ ultimately

determined that Hall's claim was untimely filed pursuant to KRS 342.316(4)(a) which provides:

> The right to compensation under this chapter resulting from an occupational disease shall be forever barred unless a claim is filed with the commissioner within three (3) years after the last injurious exposure to the occupational hazard or after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise the employee that he or she has contracted the disease, whichever shall last occur; and if death results from the occupational disease within that period, unless a claim therefor be filed with the commissioner within three (3) years after the death; but that notice of claim shall be deemed waived in case of disability or death where the employer, or its insurance carrier, voluntarily makes payment therefor, or if the incurrence of the disease or the death of the employee and its cause was known to the employer. However, **the right to compensation for any occupational disease shall be forever barred, unless a claim is filed with the commissioner within** five (5) years from the last injurious exposure to the occupational hazard, except that, **in cases of radiation disease, asbestos-related disease, or a type of cancer specified in KRS 61.315(11)(b), a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.**

(Emphasis added).

In applying this provision, the ALJ determined that although Hall had satisfied the three-year manifestation date, he failed to timely file his claim within twenty years of his last exposure to asbestos. The ALJ specifically found that Hall's last injurious exposure to asbestos occurred in 1990, when the asbestos insulation was removed from the boiler room. Therefore, his workers' compensation benefits claim was dismissed.

The Board reversed based on testimonial evidence indicating that although much of the asbestos was removed from the boiler room in 1990, the boiler room tiles—which also contained asbestos—were not removed until Hall

3

retired in 2003, or sometime subsequent thereto. Therefore, the Board held that the statute of limitations was satisfied, and that Hall's claim could proceed. Letcher County appealed, and the Court of Appeals unanimously affirmed. Having reviewed the record and the law, we affirm the Court of Appeals.

## II. STANDARD OF REVIEW

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence and may reject any testimony and believe or disbelieve various parts of the evidence regardless of whether it comes from the same witness or the same party's total proof. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). The claimant has the burden of proof to prove that he or she is entitled to compensation under KRS Chapter 342. The issue in the present case, however, is whether the statute of limitations bars Hall's claim. We addressed the relevant standard of review in *Lizdo v. Gentec Equipment*:

> Having asserted that this claim was barred by the statute of limitations, the burden was on the employer to prove the elements of the defense. Although KRS 342.285 provides that an ALJ is the designated finder of fact, a finding that is unreasonable under the evidence is subject to reversal on appeal.

74 S.W.3d 703, 705 (Ky. 2002) (citing *Special Fund v. Francis*, 708 S.W.2d 641, 643 (1986)). We defined this standard more precisely in *Francis* as follows:

> When the decision of the fact-finder favors the person with the burden of proof, his only burden on appeal is to show that there was some evidence of substance to support the finding, meaning evidence which would permit a fact-finder to reasonably find as it did.

4

. . .

A finding which is unreasonable under the evidence presented is "clearly erroneous" and, perforce, would "compel" a different finding.

*Francis,* 708 S.W.2d at 643.

Therefore, we must determine whether the ALJ's dismissal of Hall's claim as untimely filed is clearly erroneous under the evidence and compels a different result.

## III.   ANALYSIS

### A.   THE ALJ ERRED BY FINDING THAT HALL'S CLAIM WAS BARRED UNDER KRS 342.316(4)(a).

Letcher County's primary argument here is that the ALJ correctly determined that Hall's claim was untimely because he filed his claim for benefits more than twenty years after his last date of exposure. In support of this central argument, Letcher County also argues that the Board erroneously applied a *de novo* review of the ALJ's findings, that the Court of Appeals erroneously applied a substantial evidence standard of review, and that a compelling evidence standard should have been applied in both instances. As previously noted, the proper standard of review here is a clearly erroneous standard which, if satisfied, would compel a different result. We will now address the relevant evidence.

Hall testified that he and other teachers used the boiler room for breaks and to eat lunch. According to Hall, he would spend up to an hour a day in the boiler room. He further testified that although he was never officially informed that the school contained asbestos material, he

5

discovered that the boiler room had asbestos after speaking with two school employees and Elwood Cornett, who was the state worker who inspected the school for asbestos.

Medical records from Dr. Fred Rosenblum, a pulmonary specialist, indicated that Hall was exposed to asbestos which was present in both insulation *and* floor tiles. In his medical report, Dr. Rosenblum noted that floor tiles containing asbestos were present in the school and were not removed until after Hall's diagnosis. Dr. Rosenblum's report also noted that Hall "gives a very convincing history of being exposed to asbestos while working at Letcher high school and there is an appropriate lag time." The report concluded that asbestos containing materials at the school were causally related to Hall's condition.

Marion Whitaker, a maintenance supervisor at the Letcher County High School, was in charge of Letcher County's asbestos management policy. His testimony indicated that there were asbestos tiles in the school at the time Hall retired. Documentary evidence further confirmed that the tiles contained asbestos. In reversing the ALJ, the Board cites to the following evidence:

> [I]t appears from records filed as Exhibit 16 that significant amounts of tile containing asbestos remained in the school after 1990 and were eventually removed by Letcher County during the period Hall was teaching at Letcher County High School and thereafter . . . . There are at least nine notations, between July 10, 2001, and August 18, 2003, indicating tile was worn, missing, removed, or replaced.

> . . .

> Even though we are unable to determine from the records exactly where in the school this asbestos was located, it is clear from

6

Whitaker's testimony there was asbestos found in the boiler room and the boiler equipment.

Contrary to the Board's recitation of the record, some of this evidence is not entirely clear. For example, it is unclear whether each notation in Exhibit 16 cited by the Board is actually referencing tile. However, many of the notations do clearly reference the removal or replacement of a significant amount of tiling and other asbestos-containing material. Furthermore, it is not entirely clear from Whitaker's deposition that the tile he was referencing was located in the boiler room. However, his testimony does clearly indicate that there was asbestos-containing tile in the school at the time Hall retired in 2003 and that there was *still* asbestos tiling in the school at the time of Whitaker's deposition in 2016. Whitaker further testified that even though the tiles posed a "minimal" risk of exposure once sealed, they were nevertheless considered to be a "problem."

We note that the issue here is not whether Hall's exposure to the tiles *caused* his mesothelioma. Rather, "the statute requires only that exposure could independently cause the disease—not that it did in fact cause the disease." *Miller v. Tema Isenmann, Inc.*, 542 S.W.3d 265, 271 (Ky. 2018). *See also Childers v. Hackney's Creek Coal Co.*, 337 S.W.2d 680, 683 (Ky. 1960). It is abundantly clear from the evidence that Letcher County failed to eradicate all asbestos containing material from the school building. It is also clear that this material, including tiling, was present in the school until 2003 and beyond. This evidence compels

7

reversal of the ALJ's order. Moreover, barring some clear evidence that Hall was not, or could not have been, exposed to the remaining asbestos material, Letcher County cannot meet its present burden. In the absence of such evidence, the ALJ's decision here is clear error.

## IV. CONCLUSION

For the foregoing reasons, the opinion of the Court of Appeals is affirmed. This case is remanded to the ALJ for further proceedings consistent with this opinion.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Barry Lewis
Lewis and Lewis Law Offices

COUNSEL FOR APPELLEE, ROGER HALL:

Daniel Fayne Dotson

COUNSEL FOR APPELLEE, WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Workers' Compensation Board

COUNSEL FOR APPELLEE, HON. CHRISTINA HAJJAR:

Honorable Christina Hajjar
Administrative Law Judge