RENDERED:  JULY 1, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1404-WC

LETCHER COUNTY BOARD OF
EDUCATION                                                                                    APPELLANT


v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. 2015-01407


ROGER HALL;
DR. DAVID A. NARRAMORE, DMD;
RAWLINGS AND ASSOCIATES,
PLLC; HONORABLE CHRISTINA D.
HAJJAR, ADMINISTRATIVE LAW
JUDGE; AND WORKERS'
COMPENSATION BOARD                                                          APPELLEES


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; K. THOMPSON AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE:  The Letcher County Board of Education (hereinafter

referred to as Letcher County) appeals from an award of workers' compensation

benefits to Roger Hall.  On Appeal, Letcher County argues that the Kentucky Department of Workers' Claims does not have jurisdiction, that it should not have been ordered to pay for certain medical bills, and that the entire award should be limited to a 6% interest rate.  For the following reasons we affirm in part, reverse in part, and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Hall was employed as a teacher at Letcher County High School beginning in 1976 until he retired in 2003. Over the course of his career, he physically worked in two different school buildings – the old high school, and the new high school.  The boiler room located in the old high school building was used as a breakroom for teachers.  It contained furniture and vending machines.

Hall was subsequently transferred to the new Letcher County High School, which was completed in 1992 and was located across the street from the old school, which then became the elementary school. However, he and other teachers continued to use the boiler room at the old high school as a breakroom/lunchroom.  Hall remained employed at the new high school until his retirement in 2003.  He occasionally worked as a substitute teacher until 2014.

Hall filed his Form 102-OD on September 4, 2015, alleging that he developed mesothelioma in his abdominal area after being exposed to asbestos over the course of his employment.  Hall had been treated by multiple physicians across the county as a result of this exposure.  He underwent two hernia surgeries, one cyto-reductive surgery and chemotherapy.

The [Administrative Law Judge (ALJ)] concluded that Hall's mesothelioma was caused by his exposure to

asbestos during his course of employment. However, the ALJ ultimately determined that Hall's claim was untimely filed[.]

In applying [the relevant statute of limitations provision], the ALJ determined that . . . [Hall] failed to timely file his claim within twenty years of his last exposure to asbestos. The ALJ specifically found that Hall's last injurious exposure to asbestos occurred in 1990, when the asbestos insulation was removed from the boiler room. Therefore, his workers' compensation benefits claim was dismissed.

The Board reversed based on testimonial evidence indicating that although much of the asbestos was removed from the boiler room in 1990, the boiler room tiles-which also contained asbestos – were not removed until Hall retired in 2003, or sometime subsequent thereto. Therefore, the Board held that the statute of limitations was satisfied, and that Hall's claim could proceed. Letcher County appealed, and the Court of Appeals unanimously affirmed.

*Letcher County Board of Education v. Hall*, 576 S.W.3d 123, 125-26 (Ky. 2019).

Letcher County then appealed to the Kentucky Supreme Court, which again

affirmed. The case was remanded to the ALJ in order to determine if Hall was

entitled to workers' compensation benefits.

On remand, additional medical evidence was entered into evidence.

During this time, Letcher County filed a medical fee dispute arguing that certain

medical bills presented for payment on October 3, 2019, violated regulatory laws.

After all evidence was submitted to the ALJ, the ALJ held that Hall

was totally disabled and awarded him benefits at the rate of $153.81 per week from

April 19, 2014, through age seventy. As for the medical fee dispute, the ALJ held that the medical bills in dispute were not timely submitted and violated KRS[1] 342.020. The ALJ also held that Hall failed to submit a Form 114 pursuant to 803 KAR[2] 25:096 Section 11(2) and (3). This form is required by the regulations in order to be paid for medical treatment. Finally, the ALJ held that the medical bills were not complete statements of services as required by 803 KAR 25:096 Section 6. A statement of services requires a certain medical form, which includes treatment notes and other supporting documentation regarding the billed medical treatment. Finally, the ALJ awarded a 12% interest rate for all unpaid installments of compensation owed through June 28, 2017, and a 6% interest rate on all compensation owed on or after June 29, 2017.[3]

In addition to the above, Letcher County raised a jurisdictional issue. It claimed that the Kentucky Department of Workers' Claims did not have jurisdiction over claims regarding the Commonwealth of Kentucky, its agencies, and exposure to asbestos. Letcher County argued that the Kentucky Claims

_____

[1] Kentucky Revised Statutes.

[2] Kentucky Administrative Regulations.

[3] On June 29, 2017, a new version of KRS 342.040 went into effect that set a 6% interest rate on all workers' compensation benefit payments. Prior to this date, the interest rate was 12%.

-4-

Commission had sole jurisdiction over this claim. Letcher County cited the 2017

version of KRS 49.020[4] which stated:

> The Kentucky Claims Commission created by KRS
> 49.010 shall have the following powers and authority:
>
> (1) To investigate, hear proof, and compensate
> persons for damages sustained to either person or
> property as a proximate result of negligence on the
> part of the Commonwealth, any of its cabinets,
> departments, bureaus, or agencies, or any of its
> officers, agents, or employees while acting within the
> scope of their employment by the Commonwealth or
> any of its cabinets, departments, bureaus, or agencies;
> except, however, regardless of any provision of law to
> the contrary, the Commonwealth, its cabinets,
> departments, bureaus, and agencies, and its officers,
> agents, and employees, while acting within the scope
> of their employment by the Commonwealth or any of
> its cabinets, departments, bureaus, or agencies, shall
> not be liable for collateral or dependent claims which
> are dependent on loss to another and not the claimant
> or damages for mental distress or pain or suffering,
> and compensation shall not be allowed, awarded, or
> paid for such claims for damages. Furthermore, any
> damage claim awarded shall be reduced by the
> amount of payments received or the right to receive
> payment from workers' compensation insurance;
> Social Security programs; unemployment insurance
> programs; medical, disability, or life insurance
> programs; or other federal or state or private program
> designed to supplement income or pay claimant's
> expenses or damages incurred. <u>Any claim against the
> Commonwealth or its departments, agencies, officers,
> agents, or employees, or a school district board of
> education or its members, officers, agents, or
> employees, for damages sustained as the result of</u>

---

[4] This statute has been amended and a similar version is now found in KRS 49.070(16).

-5-

> exposure to asbestos before, during, or after its
> removal from a facility owned, leased, occupied, or
> operated by the Commonwealth or a school district
> board of education shall be brought before the
> commission[.]

(Emphasis added.)

The ALJ was not convinced that this statute created an exclusive jurisdiction in this situation. The ALJ believed that a school employee could still bring an asbestos-related work injury claim against his school employer. In addition, the ALJ found as relevant that the statute indicated that any award would be reduced by workers' compensation awards. This indicated to the ALJ that the Claims Commission was not the exclusive remedy in this situation.

Letcher County appealed to the Workers' Compensation Board. As to the jurisdiction issue, the Board found no error in the ALJ's reasoning that the Department of Workers' Claims does have jurisdiction over this case. The Board reiterated the ALJ's opinion and also stated that KRS 342.630 specifically lists the state of Kentucky and its agencies, including school districts, as being employers that are subject to workers' compensation provisions. The Board also cited to KRS 342.640 which states that employees in service to the state or its agencies, including school boards, were subject to workers' compensation provisions. The Board held that the Kentucky Claims Commission did not have exclusive jurisdiction over this case.

As for the medical fee dispute, the Board found that the bills were timely submitted. The Board held that the bills were not required to be submitted until after an award had been entered. The Board found that Hall met this requirement. The Board also held that Hall's failure to submit his bill payment requests on a Form 114 did not prohibit him from recovering these costs because there was no evidence that Letcher County ever accepted responsibility for Hall's medical treatment or provided the appropriate form to him. The Board remanded this issue to the ALJ to determine if these bills were related to his work-related injuries and, if so, ordered them to be paid. Finally, the Board held that the ALJ did not err in finding some compensation payments are entitled to 12% interest and others 6% interest. This appeal followed.

## ANALYSIS

Letcher County's first argument on appeal is that the Kentucky Claims Commission has exclusive jurisdiction over Hall's claim. As this issue concerns the interpretation of KRS 49.020, we review it *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

The Kentucky Claims Commission, also known as the Kentucky Board of Claims, allows people to sue the state of Kentucky and its agencies or agents for acts of negligence. The enacting statutes waive Kentucky's sovereign immunity. *Withers v. University of Kentucky*, 939 S.W.2d 340, 345-46 (Ky. 1997).

We do not believe that the Claims Commission has exclusive jurisdiction over this case. Hall sustained his injury due to asbestos found at his place of employment. His injury was work related. KRS 342.630 and KRS 342.640 make state agencies, including school boards, and state employees subject to the Workers' Compensation Act. In fact, KRS 342.630 states that the state and its agencies are "mandatorily subject to" the Workers' Compensation Act. KRS 49.020 does not require state employees to bring workers' compensation claims against state employers in the Claims Commission. If it did, it would defeat the purpose of making the state and its agencies subject to the workers' compensation statutes. In addition, there is no evidence that Hall opted out of the Workers' Compensation Act pursuant to KRS 342.395(1). We believe that the asbestos-related language in KRS 49.020 does not relate to a state employee who incurs asbestos-related injuries at his place of employment and who is subject to the Workers' Compensation Act.

In addition, Hall filed a civil claim against the Letcher County Board of Education in 2015. This civil action was also related to his asbestos-related injury. That case was ultimately dismissed by the trial court. That court held that Hall's injury was work related; therefore, the exclusive remedy available to him was to file a workers' compensation claim. In support of this decision, the court cited KRS 342.690, the workers' compensation exclusivity provision. We believe

this also supports our conclusion that Hall properly brought this workers' compensation action. We affirm the ALJ and Board as to this jurisdictional issue.

Letcher County's second argument on appeal is that the Board erred in finding it was liable for the medical bills Hall submitted on October 3, 2019. Letcher County claims that the ALJ correctly held that it was not liable for the payment of those bills because they violated statutory and regulatory laws. The laws at issue are KRS 342.020, 803 KAR 25:096 Section 11(2) and (3), and 803 KAR 25:096 Section 6.

We must first address some confusion as to this issue. The ALJ found that the bills were untimely submitted because they were not submitted within sixty days of incurring the costs. The ALJ then went on to cite KRS 342.020(1);[5] however, that statute states that medical providers must submit bills to the employer, insurer, or other payment obligor within forty-five days of treatment. It does not address an employee seeking payment of medical expenses nor does that statute mention a sixty-day time frame.

On the other hand, 803 KAR 25:096 Section 11(2) does discuss a sixty-day time frame and concerns an employee seeking payment for medical expenses. The Board relied on this regulation when making its judgment regarding the medical fee dispute. The Board did not discuss KRS 342.020.

---

[5] Now numbered KRS 342.020(4).

Neither party has raised this discrepancy with this Court. We are also unable to find if it was raised to the ALJ or Board. "The function of further review of the [Board] in the Court of Appeals is to correct the Board only where [the] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Because the Board addressed 803 KAR 25:096 Section 11(2), did not address KRS 342.020, and neither party has discussed this discrepancy, we will only review whether the Board erred in finding that the medical bills were timely submitted pursuant to 803 KAR 25:096 Section 11(2).[6]

The medical expenses at issue were submitted to Letcher County on October 3, 2019. The recent case of *Wonderfoil, Inc. v. Russell*, 630 S.W.3d 706, 711 (Ky. 2021),[7] holds that the sixty-day time limit found in 803 KAR 25:096 Section 11(2) does not start to run until after the ALJ enters a decision indicating that an employee had a work-related injury and his injury was compensable. Here, the ALJ entered an interlocutory decision finding Letcher County liable for Hall's

---

[6] We will note that because KRS 342.020 addresses the submission of medical bills by medical providers, it would not seem to apply to the facts here because Hall was the one who submitted the medical bills to Letcher County.

[7] The Kentucky Supreme Court relied heavily on the case of *R.J. Corman R.R. Const. v. Haddix*, 864 S.W.2d 915 (Ky. 1993), when determining *Wonderfoil*. The Board in the case at hand also relied on *Haddix*.

-10-

medical bills on July 26, 2019. Letcher County then moved for reconsideration. The ALJ denied the motion on August 9, 2019. The Board found that Hall's submission of medical bills on October 3, 2019, was within sixty days of the August 9, 2019 order denying the motion for reconsideration. The Board held that this was timely.

We agree with the Board. Until the motion for reconsideration was denied, the ALJ could have held that Letcher County was not responsible for Hall's medical expenses. It was appropriate for the Board to begin the sixty-day countdown on August 9, 2019, and we affirm the Board's judgment as to timeliness.

As for the alleged violations of KAR 25:096 Section 11(2) and (3), which concerns the failure to use the correct form, and 803 KAR 25:096 Section 6, which concerns medical providers submitting full statements of service, Letcher County provides no argument as to why the Board erred as to these issues. In one sentence Letcher County states that the bills submitted by Hall did not conform to these regulations, but then fails to discuss these regulations, quote from them in the brief, or make any argument regarding them. Due to the "[failure] to make any argument or cite any authorities to support these contentions[,]" we are electing not to address these issues. *Pierson v. Coffey*, 706 S.W.2d 409, 413 (Ky. App. 1985).

Letcher County's third and final argument on appeal is that the Board erred in affirming the use of both 12% interest and 6% interest. The recent case of *Martin v. Warrior Coal LLC*, 617 S.W.3d 391 (Ky. 2021), holds that any unpaid benefits are subject to the 6% interest rate set forth in the amended version of KRS 342.040(1). *Martin* held that the amended version of the statute is retroactive; therefore, any unpaid benefits that were owed before the amended statute's effective date are still subject to the new 6% interest rate. We reverse and remand this issue.[8]

## CONCLUSION

Based on the foregoing, we affirm in part, reverse in part, and remand. On remand, the only issue to be reviewed concerns the interest rate to be applied. The Board shall direct that Hall's benefits are to accrue at an interest rate of 6% pursuant to KRS 342.040(1) and *Martin*, *supra*.

ALL CONCUR.

---

[8] Hall's appellate brief discusses the KRS 342.040(1) 12% interest rate that can be applied when an ALJ finds that an employer unreasonably denied benefit payments. There has been no finding, by either the ALJ or Board, that this punitive 12% interest rate applies in this case; therefore, Hall's argument on this issue is irrelevant.

BRIEF FOR APPELLANT:

W. Barry Lewis
Hazard, Kentucky

BRIEF FOR APPELLEE ROGER
HALL:

Daniel F. Dotson
Whitesburg, Kentucky