RENDERED: JUNE 15, 2023
TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0313-WC

LETCHER COUNTY BOARD OF
EDUCATION
APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-1404
WORKERS' COMPENSATION NO. 2015-01407

ROGER HALL; HONORABLE
CHRISTINA D. HAJJAR,
ADMINISTRATIVE LAW JUDGE;
DAVID NARRAMORE, DMD;
RAWLINGS AND ASSOCIATES, PLLC;
AND WORKERS' COMPENSATION
BOARD
APPELLEES

**OPINION OF THE COURT BY JUSTICE BISIG**

**<u>AFFIRMING</u>**

Roger Hall suffered a work-related injury after being exposed to asbestos-containing material while working for the Letcher County Board of Education (Letcher County). An Administrative Law Judge (ALJ) determined that the Department of Workers' Claims has jurisdiction to hear Hall's claim, that Hall is permanently and totally disabled and is entitled to medical benefits. As to jurisdiction, the Workers' Compensation Board (Board) and the Court of Appeals affirmed the ALJ. After careful review, we affirm.

## FACTS AND PROCEDURAL HISTORY

This is Letcher County's second appeal to this Court. In *Letcher County Board of Education v. Hall,* 576 S.W.3d 123, 125-26 (Ky. 2019), we described the relevant underlying facts as follows:

> Hall was employed as a teacher at Letcher County High School beginning in 1976 until he retired in 2003. Over the course of his career, he physically worked in two different school buildings—the old high school, and the new high school. The boiler room located in the old high school building was used as a breakroom for teachers. It contained furniture and vending machines.
> Hall was subsequently transferred to the new Letcher County High School, which was completed in 1992 and was located across the street from the old school, which then became the elementary school. However, he and other teachers continued to use the boiler room at the old high school as a breakroom/lunchroom. Hall remained employed at the new high school until his retirement in 2003. He occasionally worked as a substitute teacher until 2014.
> Hall filed his Form 102-OD on September 4, 2015, alleging that he developed mesothelioma in his abdominal area after being exposed to asbestos over the course of his employment. Hall had been treated by multiple physicians across the county as a result of this exposure. He underwent two hernia surgeries, one cyto-reductive surgery and chemotherapy.
> The ALJ concluded that Hall's mesothelioma was caused by his exposure to asbestos during his course of employment. However, the ALJ ultimately determined that Hall's claim was untimely filed pursuant to [Kentucky Revised Statute] KRS 342.316(4)(a) which provides:
>> The right to compensation under this chapter resulting from an occupational disease shall be forever barred unless a claim is filed with the commissioner within three (3) years after the last injurious exposure to the occupational hazard or after the employee first experiences a distinct manifestation of an occupational disease . . . .
>> However, **the right to compensation for any occupational disease shall be forever barred, unless**

2

**a claim is filed with the commissioner within** five (5) years from the last injurious exposure to the occupational hazard, except that, **in cases of radiation disease, asbestos-related disease, or a type of cancer specified in KRS 61.315(11)(b), a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.**

In applying this provision, the ALJ determined that although Hall had satisfied the three-year manifestation date, he failed to timely file his claim within twenty years of his last exposure to asbestos. The ALJ specifically found that Hall's last injurious exposure to asbestos occurred in 1990, when the asbestos insulation was removed from the boiler room. Therefore, his workers' compensation benefits claim was dismissed.

The Board reversed based on testimonial evidence indicating that although much of the asbestos was removed from the boiler room in 1990, the boiler room tiles—which also contained asbestos—were not removed until Hall retired in 2003, or sometime subsequent thereto. Therefore, the Board held that the statute of limitations was satisfied, and that Hall's claim could proceed. Letcher County appealed, and the Court of Appeals unanimously affirmed.

This Court affirmed the Court of Appeals, holding that the ALJ erred by finding that Hall's claim was time barred under KRS 342.316(4)(a). *Id.* at 126. There was asbestos-containing tile in the school when Hall retired in 2003 and at the time of a maintenance supervisor's deposition in 2016, meaning Hall was further exposed to asbestos while working for Letcher County as a substitute teacher intermittently after his 2003 retirement and until 2014. *Id.* at 125, 127. The Court noted that the issue before it was "not whether Hall's exposure to the tiles *caused* his mesothelioma. Rather, the statute requires only that exposure could independently cause the disease—not that it did in fact cause the disease." *Id.* at 127. (quotation and citation omitted). Because the

3

asbestos-containing materials were "present in the school until 2003 and beyond[,]" and the statute requires that a claimant file a claim within twenty years of last injurious exposure, the ALJ's decision was clear error. *Id.* This Court remanded the case to the ALJ for resolution of all remaining issues, namely whether Hall was entitled to workers' compensation benefits.

On July 26, 2019, the ALJ concluded that Hall developed asbestosis due to asbestos exposure while working for Letcher County. However, the ALJ later sustained Letcher County's petition for reconsideration, finding that the award of medical benefits was premature. During the ALJ's initial consideration of Hall's claim in February 2016, the ALJ bifurcated the claim to first determine whether Hall's claim was barred by KRS 342.316(4)(a). Therefore, the ALJ reasoned that the parties did not have a full opportunity to submit evidence on all contested issues. Over Hall's objection, the ALJ reopened proof and allowed the parties to submit additional evidence on the contested issues. Ultimately, on April 9, 2020, the ALJ concluded that Hall is permanently and totally disabled because of his asbestos exposure and awarded benefits and medical expenses.

On remand, Letcher County also contested whether the Department of Workers' Claims has jurisdiction over Hall's claim, suggesting instead that the Board of Claims has exclusive jurisdiction. The Board of Claims hears and decides negligence claims filed against any Kentucky state government agency. Letcher County relies on KRS 49.070(16), which provides, in relevant part, that

4

any claim against a school district board of education for damages resulting from asbestos exposure shall be brought before the Board of Claims.

Despite Letcher County's argument, the ALJ concluded that the Department of Workers' Claims has jurisdiction, reasoning that nothing prohibits school employees from filing a claim against his or her employer for work-related injuries. The ALJ relied on KRS 49.130(2) which states that any damage award in the Board of Claims must be reduced by payment or right to receive payment from workers' compensation insurance. The ALJ determined that this subsection indicates that the Board of Claims is not the exclusive remedy for an injured employee.

On appeal to the Workers' Compensation Board (Board), the Board upheld the ALJ's finding that the Department of Workers' Claims has jurisdiction, concluding that nothing in KRS 49.020[1] thwarts the right of an employee to proceed in a claim against his or her employer pursuant to the Workers' Compensation Act. That statute specifically notes that the purpose of the Board of Claims is to consider damages sustained as a result of negligence on the part of the Commonwealth. The Board also emphasized the mandatory reduction of a Board of Claims award based on payment of workers' compensation insurance. Despite Letcher County's reliance on KRS

---

[1] Letcher County cites to KRS 44.070(1), which is a previous statute governing the Board of Claims. While the appeal was pending, the General Assembly amended and renumbered sections of KRS Chapter 49. KRS 44.070(1), as it existed prior to the amendments, contained nearly identical language that is now found in KRS 49.070(16), which states that claims against the Commonwealth for damages sustained from asbestos exposure in facilities owned, leased, occupied, or operated by the state must be brought before the Board of Claims.

5

49.070(16), which requires that claims against a school district board of education for damages resulting from asbestos exposure shall be brought before the Board of Claims, the Board reasoned that the subsection applied to third parties, not injured employees.

The Court of Appeals likewise held that the Board of Claims does not have exclusive jurisdiction over Hall's claim. His injury is work-related, and state agencies, including school boards, are subject to the Workers' Compensation Act. State employees are not required to bring workers' compensation claims against state employers in the Board of Claims and to require such would defeat the purpose of the Workers' Compensation Act. The Court of Appeals also noted that in 2015 a Letcher County trial court dismissed Hall's civil suit against the school board, reasoning that Hall's claim was work related and therefore his exclusive remedy was to file a workers' compensation claim.[2]

## ANALYSIS

The sole issue presented in this appeal is whether the Department of Workers' Claims has jurisdiction to hear Hall's claim. Resolution of this issue requires statutory interpretation and therefore our review is *de novo. Consol of Ky., Inc. v. Goodgame,* 479 S.W.3d 78, 81 (Ky. 2015). When interpreting a statute, this Court

---

[2] We note that the Court of Appeals also addressed other issues in its opinion, including whether Letcher County is liable for certain medical expenses and whether the Board erred in its assessment of the interest rate on any amounts due and unpaid. However, neither party addresses these issues in their briefs to this Court, so we decline to address them.

must look first to the plain language of a statute and, if the language is clear, our inquiry ends. We hold fast to the rule of construction that the plain meaning of the statutory language is presumed to be what the legislature intended, and if the meaning is plain, then the court cannot base its interpretation on any other method or source. In other words, we assume that the Legislature meant exactly what it said, and said exactly what it meant.

*Univ. of Louisville v. Rothstein,* 532 S.W.3d 644, 648 (Ky. 2017) (quotations and citations omitted).

Letcher County is correct in asserting that jurisdiction must exist before an ALJ has authority to decide a workers' compensation claim, but we disagree with its assertion that exclusive jurisdiction over Hall's claim lies with the Board of Claims. Jurisdiction is a procedural threshold through which all cases must pass prior to having their substance examined. *Wilson v. Russell,* 162 S.W.3d 911, 913 (Ky. 2005). But contrary to Letcher County's argument, we conclude that the Department of Workers' Claims has jurisdiction over Hall's claim.

The Kentucky Workers' Compensation Act, codified as KRS Chapter 342, is a statutory system specifically designed to compensate an injured worker for economic loss sustained as a result of work-related injury or disease. As we explained in *Kindred Healthcare v. Harper,* 642 S.W.3d 672, 679 (Ky. 2022):

The primary purpose of the Workers' Compensation Act is to aid injured or deceased workers and statutes are to be interpreted in a manner that is consistent with their beneficent purpose. The overarching purpose of the workers' compensation chapter is to compensate workers who are injured in the course of their employment for necessary medical treatment and for a loss of wage-earning capacity, without regard to fault, thereby enabling them to meet their essential economic needs and those of their dependents.

7

(quotations and citations omitted). Generally, workers' compensation is an exclusive remedy. "If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death." KRS 342.690(1). "Essentially, the exclusive remedy provision grants immunity for liability arising from common law and statutory claims, meaning such claims cannot be pursued in the courts of this Commonwealth." *Ky. Emps. Mut. Ins. v. Coleman,* 236 S.W.3d 9, 13 (Ky. 2007).

The exclusivity provision of KRS 342.690(1) has existed since the Workers' Compensation Act was enacted in 1916. *Travelers Indem. Co. v. Reker,* 100 S.W.3d 756, 759 (Ky. 2003) (citations omitted). KRS 342.395(3) also provides that unless an employee "opts out" of workers' compensation by filing a written notice of rejection, "the measure of liability of the employer shall be determined according to the compensation provisions of this chapter." This Court has held that "KRS 342.690(1) and its predecessor statutes shield a covered employer and its insurer from any other liability to a covered employee for damages arising out of a work-related injury." *Travelers Indem. Co.,* 100 S.W.3d at 760.

The Office of Claims and Appeals, which is part of the Public Protection Cabinet, includes various administrative boards such as the Board of Claims. KRS 49.010(2). The Board of Claims has authority to "investigate, hear proof, and **compensate persons for damages sustained to either person or**

8

**property as a proximate result of negligence on the part of the Commonwealth**, any of its cabinets, departments, bureaus, or agencies . . . ." KRS 49.020(5) (emphasis added). Additionally, KRS 49.040(1) states that "[r]egardless of any provision of law to the contrary, **the jurisdiction of the Board of Claims is exclusive** . . . ." (Emphasis added). The Board of Claims members are appointed by the Governor and must be attorneys with the same qualifications as a candidate for circuit judge. KRS 49.020(6)(e). Additionally, two members must have "**a background and working knowledge in Kentucky tort law**" and one member must have a business background. *Id.* (emphasis added).

The General Assembly included a provision in the Board of Claims statutes explaining its intent:

> It is the intention of the General Assembly to provide the means to enable a person negligently injured by the Commonwealth, any of its cabinets, departments, bureaus, or agencies, or any of its officers, agents, or employees while acting within the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus, or agencies to be able to assert their just claims as herein provided.

KRS 49.060. Allowing negligence claims to proceed in the Board of Claims constitutes an explicit waiver of sovereign immunity. *Id.* Pursuant to KRS 49.130(1), an award can only be made if "the Board of Claims is of the opinion that the damage claimed was caused by such negligence on the part of the Commonwealth or its agents as would entitle claimant to a judgment in an action at law if the state were amenable to such action."

9

KRS 49.070(16) states, in relevant part, that "[a]ny claim against. . .a school district board of education . . . for damages sustained as a result of exposure to asbestos . . . shall be brought before the Board of Claims." While the Board of Claims statute refers to asbestos-related claims, this statute applies to anyone who sustains damages caused by exposure to asbestos, not merely an employee. This could include a host of people – an independent contractor who is performing services in a school, a visitor attending a sports event, or a volunteer donating their time in a classroom. KRS 49.070(16) clearly pertains to third parties, not claims by employees.

Letcher County argues that KRS Chapter 49's use of "any claim" necessarily includes claims by anyone on school board property, including employees.[3] But, nevertheless, KRS 49.060 specifically involves negligence claims and emphasizes that the Board of Claims was created to provide a forum for persons negligently injured by the Commonwealth to assert their claims. An important distinction between a claim brought before the Board of Claims and a workers' compensation claim is fault. In a negligence claim before the Board of Claims, a claimant must prove that one party (the state) is at fault for its damages. However, under our workers' compensation system, "[e]very employer subject to [KRS Chapter 342] shall be liable for compensation

---

[3] We also note that there are numerous workers' compensation cases considered by this Court involving boards of education. *See e.g. Perry Cnty. Bd. of Educ. v. Campbell,* 2023 WL 2623026, No. 2022-SC-0119-WC, at *1 (Ky. Mar. 23, 2023); *Clark Cnty. Bd. of Educ. v. Jacobs*, 278 S.W.3d 140 (Ky. 2009); *Jefferson Cnty. Pub. Schs./Jefferson Cnty. Bd. of Educ. v. Stephens*, 208 S.W.3d 862 (Ky. 2006).

10

for injury, occupational disease, or death without regard to fault as the cause of the injury, occupational disease, or death." KRS 342.610(1).

Under the facts of Hall's case, a claim under the Workers' Compensation Act and a claim under KRS Chapter 49 are two different types of claims with two different avenues of redressability – a claim for a work-related injury by a state employee against his state employer (with no regard to fault), and a claim by a citizen against a state entity in which the claimant must prove negligence, and therefore fault, on the part of the state entity. There is no basis to conclude that the Board of Claims' exclusive jurisdiction over negligence claims against the Commonwealth requires Hall to bring his workers' compensation claim before the Board of Claims. Simply put, Hall's request for a workers' compensation remedy requires no showing of negligence and in no way constitutes a claim for "damages sustained . . . as a proximate result of negligence on the part of the Commonwealth . . . ." KRS 49.020(5). His workers' compensation claim therefore does not fall within the exclusive jurisdiction of the Board of Claims.

In *General Electric Co. v. Cain,* 236 S.W.3d 579, 583 (Ky. 2007), plaintiffs claimed they contracted occupational diseases due to asbestos exposure while working for their employer on premises owned by various businesses ("owners"). The Court considered whether the "exclusive remedy" provision in KRS 342.690(1) "immunizes the owners from tort liability for the occupational diseases that the plaintiffs claim were caused by the owners' respective

11

negligent acts or omissions." *Id.* In determining whether the trial court or the jury must decide if the owners were statutory employers, the Court stated:

> [t]he plaintiffs' tort claims are a kind of case that comes within a circuit court's subject matter jurisdiction. But if [Plaintiff] was injured while working as a premises owner's employee under KRS 342.610(2)(b), that jurisdictional fact would deprive the circuit court of subject matter jurisdiction by operation of KRS 342.690(1).

*Id.* at 589.

While that case did not involve a state employer, its sound reasoning regarding the exclusivity provision of the Workers' Compensation Act nevertheless applies. "The primary purpose of the Workers' Compensation Act is to aid injured or deceased workers. We are required to interpret the workers' compensation statutes in a manner that is consistent with their beneficent purpose." *Ky. Uninsured Emps. Fund v. Hoskins,* 449 S.W.3d 753, 762 (Ky. 2014) (quotations and citations omitted). Workers' Compensation was specifically designed to compensate injured employees, regardless of fault, and requiring an injured employee to initiate and prove a negligence claim before the Board of Claims directly contradicts the Act and its purpose.

As explicitly stated in KRS 342.630(2), school boards are considered "employers" for purposes of the Workers' Compensation Act. Likewise, "[e]very person in the service of the state or any . . . county, city of any class, school district . . . while performing his official duties shall be considered an employee of the state." KRS 342.640(3). The Workers' Compensation Act also recognizes asbestos-related disease claims by stating the statute of limitations period applicable to such claims. KRS 342.316(4). The specific inclusion of asbestos

12

claims in the Workers' Compensation Act further emphasizes the validity of Hall's claim and the proper jurisdiction exercised by the Department of Workers' Claims. Because Hall and Letcher County are considered an employee and an employer, respectively, by statute, Hall is entitled to the benefits and protections created by the Workers' Compensation Act.

Letcher County argues that KRS Chapter 342 is "general legislation that applies broadly and generally to injuries to school board employees." It asserts that KRS Chapter 49 is specific legislation that only applies in limited cases involving claims against school boards for asbestos exposure. Conversely, it argues that KRS Chapter 342 applies to a smaller class of individuals than KRS Chapter 49 and the Board of Claims procedures. To the contrary, the Board of Claims hears negligence claims submitted by **any citizen** seeking compensation for damages sustained to **person or property** resulting from negligence on part of the Commonwealth or its agencies, departments, or state employees. A person can only file a workers' compensation claim if they sustain a work-related injury "arising out of and in the course of employment . . . ." KRS 342.0011(1). Our rules of statutory construction provide that "where there is both a specific statute and a general statute seemingly applicable to the same subject . . . the specific statute controls." *Abel v. Austin,* 411 S.W.3d 728, 738 (Ky. 2013) (quotation and citations omitted). While both chapters contain provisions regarding asbestos-related claims for damages, the Workers' Compensation Act is undoubtedly more specific than the Board of Claims statutes. As such, Letcher County's argument fails.

13

## CONCLUSION

Based on the foregoing, we conclude that the Department of Workers' Claims has jurisdiction over Hall's case involving work-related asbestos exposure and resulting in injury.  We affirm the Court of Appeals.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ., sitting. All concur.  Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

W. Barry Lewis
Lewis and Lewis Law Offices

COUNSEL FOR APPELLEE, ROGER HALL:

Daniel F. Dotson
The Law Office of Daniel F. Dotson

ADMINISTRATIVE LAW JUDGE:

Hon. Christina D. Hajjar

WORKERS' COMPENSATION BOARD:

Hon. Michael Wayne Alvey, Chairman