RENDERED: AUGUST 29, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0073-WC

TAMALA HARRIS                                              APPELLANT

PETITION FOR REVIEW OF A DECISION
v.            OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-23-91685

MERCY HOME HEALTH;
HONORABLE PETER J. NAAKE,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD OF KENTUCKY                                          APPELLEES

OPINION AND ORDER
AFFIRMING IN PART
AND DISMISSING IN PART

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND MOYNAHAN, JUDGES.

MOYNAHAN, JUDGE: Appellant, Tamala Harris ("Harris"), petitions for review

of a Workers' Compensation Board ("Board") opinion affirming an Opinion,

Award, and Order of the Administrative Law Judge ("ALJ"). Having carefully

reviewed the record, we AFFIRM in part and DISMISS in part.

# BACKGROUND

Harris worked as a certified nursing assistant for the Appellee, Mercy Home Health ("Mercy"), providing in-home health care to hospice patients in the Paducah area. She worked thirty to forty hours a week and took care of four to five patients on average. Mercy reimbursed her for the mileage she drove during her shifts to reach each patient's location. On April 27, 2022, she strained her right shoulder when repositioning her first patient of the day. She then injured her lower back when assisting her next patient, a paraplegic, in and out of the shower.

Harris timely filed a Workers' Compensation claim. The ALJ awarded her Temporary Total Disability ("TTD") benefits for the limited period she was completely unable to work and Permanent Partial Disability ("PPD") benefits to compensate for her ongoing physical limitations. Both awards were based solely on the back injury. (The right shoulder injury was deemed to be transient in nature, and it resolved without any residual permanent restrictions.)

Harris ultimately returned to nursing work and currently works for Shawnee Senior Living, an assisted living facility. She testified that her current employer can better accommodate her physical restrictions because there are always coworkers onsite to assist her, and that she now earns more money than she did in her former job with Mercy.

# PROCEDURAL HISTORY

Harris filed a Petition for Reconsideration, asserting that the ALJ made two specific errors in his Opinion: 1) inaccurately calculating her average weekly wage ("AWW"); and 2) failing to award payment of an outstanding medical bill. The ALJ disagreed and overruled the Petition. Harris then appealed to the Board. Upon review, the Board noted that the ALJ properly applied the law, submitted findings supported by substantial evidence, and did not abuse his discretion. Therefore, the Board issued an opinion affirming the ALJ's Opinion, Award, and Order by unanimous vote.

Harris then filed a petition for review with this Court on January 21, 2025. On February 14, 2025, Mercy voluntarily paid the outstanding medical bill and subsequently filed a motion seeking leave to file a "Motion for Dismissal of Appellant's Appeal Regarding the 3/07/2023 Date of Service Medical Expense." Harris objected to the motion for leave and submitted a response to Mercy's tendered motion for partial dismissal. On March 21, 2025, an order of this Court passed Mercy's motion for leave to this panel for concurrent consideration along with the merits of the appeal. Additional facts will be set forth as necessary in the analysis below.

## STANDARD OF REVIEW

Board decisions are subject to judicial review by the Court of Appeals pursuant to Kentucky Revised Statute ("KRS") 342.290.  When reviewing questions of fact, the Court's standard of review is limited to whether the contested finding was "clearly erroneous," which is defined as being "unreasonable under the evidence presented." *Lexington Fayette Urban County Government v. Gosper*, 671 S.W.3d 184 (Ky. 2023); *Letcher County Board of Education v. Hall*, 576 S.W.3d 123 (Ky. 2019).  However, when reviewing questions of law, the proper standard of review is *de novo*.  *Calloway County Sheriff's Department v. Woodall*, 607 S.W.3d 557 (Ky. 2020).  Additionally, "[t]he function of further review of the [Workers' Compensation Board] in the Court of Appeals is to correct the Board only where the . . . Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

## ANALYSIS

Average Weekly Wage Calculation

The ALJ computed the award of benefits based on an AWW of $422.66.  His calculations excluded the mileage reimbursement payments made by Mercy.  Harris contends that the mileage reimbursement amounts should have been

included in the calculations, which would have resulted in an AWW of $649.49, and thus, a larger award.

> KRS 342.140(6) defines "wages" as follows:
>
> The term "wages" as used in this section and KRS 342.143 means, in addition to money payments for services rendered, the reasonable value of board, rent, housing, lodging, and fuel *or similar advantage received from the employer*, and gratuities received in the course of employment from others than the employer to the extent the gratuities are reported for income tax purposes.

(Emphasis added.) This statutory definition aligns with Larson's guidance on the issue of wage calculation for workers' compensation cases:

> In computing actual earnings as the beginning point of wage-basis calculations, there should be included not only wages and salary but anything of value received as consideration for the work, as, for example, tips, bonuses, commissions and room and board, *constituting real economic gain to the employee*.

*Larson's Workers' Compensation Law* (2012) §93.01[2][a] (emphasis added).

Mercy did not pay its employees a fuel or gasoline allowance that was disbursed each pay period regardless of the number of miles traveled or trips made. Instead, employees submitted trip documentation to Mercy and were reimbursed a set rate per mile for each actual mile they drove to fulfill their work duties. This is reimbursement of an employment-related expenditure, paid solely to recompense employees for the cost incurred by using their private vehicles. It does not

constitute an advantage or additional economic gain; it is an employment-related expense.[1]  Therefore, Harris's argument that the ALJ erred because he excluded the mileage expenses based on their tax status is misplaced.  The salient fact is that mileage reimbursement payments do not fall under the statutory definition of wages set forth in KRS 342.140(6).  Mileage reimbursement represents a straight-forward settling of accounts between employer and employee; it does not confer any additional advantages or economic gains upon the employee.  To the contrary, it could be argued that the employee, whose vehicle logs the cumulative wear and tear of the driving, is left at somewhat of a disadvantage.  Thus, since mileage reimbursement does not meet the statutory definition of wages set forth in KRS 342.140(6), the ALJ correctly excluded it from the AWW calculations.  And, neither this Court, nor the Board, has the authority to set aside an ALJ's opinion that is properly supported by evidence.

Payment of Outstanding Medical Bill

Dr. Strenge provided medical services to Harris on March 7, 2023.  Prescription Partners, LLC issued a bill for the medication he dispensed to her on that date on January 22, 2024—almost a full year later.  The exact amount of that bill was $294.75.  On February 14, 2025, Mercy voluntarily paid the outstanding

---

[1] Although unpublished, and, therefore, non-precedential, this Court's reasoning in *Jackson v. Gentiva Health Services*, No. 2013-CA-0549-WC, 2013 WL 6795946 (Ky. App. Dec. 20, 2013), also categorized mileage as an expenditure reimbursement made in the course of employment.

balance in full. This change in circumstances renders it impossible for this Court to grant effective relief to the prevailing party. "The general rule is, and has long been, that 'where, pending an appeal, an event occurs which makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed.'" *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014). *See also Louisville Transit Co. v. Department of Motor Transportation*, 286 S.W.2d 536 (Ky. 1956). Therefore, since payment of the bill makes determination of the issue unnecessary, that portion of Harris's appeal pertaining to the outstanding medical bill is hereby deemed moot and dismissed.

## CONCLUSION

For the reasons set forth above, we hereby AFFIRM the December 20, 2024, opinion of the Workers' Compensation Board as to the calculation of Harris's average weekly wage and DISMISS that portion of the appeal pertaining to an unpaid medical bill.

ALL CONCUR.

ENTERED: _August 29, 2025__     _____
                                JUDGE, COURT OF APPEALS

-7-

BRIEFS FOR APPELLANT:

Wayne C. Daub
Louisville, Kentucky

BRIEF FOR APPELLEE MERCY
HOME HEALTH:

Jeremy D. McGraw
Louisville, Kentucky